IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roderick Jerome English, | ) | C/A No.: 1:13-2792-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Edward Woodrow Longshore II, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Roderick Jerome English, an inmate at the McCormick Correctional Institution who is proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights by an attorney, Edward Woodrow Longshore II ("Defendant"). [Entry #1 at 3]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff alleges that Defendant failed to secure a physical and mental examination for Plaintiff and did not ask appropriate questions concerning Plaintiff's "medical mental disorder." [Entry #1 at 6]. Plaintiff also appears to complain that Defendant failed to advocate for Plaintiff to receive anxiety medication. *Id.* at 4–5. Plaintiff's request for

relief is unclear; however, the undersigned construes his complaint to be seeking monetary damages. *Id.* at 7.

II. Discussion

　　A.　　Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that

the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1.  Defendant is not a proper defendant under §1983

An attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Plaintiff sues Defendant for ineffective representation in state proceedings. As Defendant is not considered a "state actor" amenable to suit under § 1983, Plaintiff's constitutional claims against Defendant are subject to summary dismissal.

2.  Legal malpractice is not cognizable under § 1983

Liberally construing Plaintiff's complaint, he may be alleging a claim of legal malpractice against Defendant. However, the law is well settled that negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73

3

(4th Cir. 1995) (noting that *Daniels* bars an action under § 1983 for negligent conduct). While Plaintiff's legal malpractice claim would be actionable in state court, the federal claims in this case are recommended for summary dismissal. Therefore, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in the complaint. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

III.  Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

November 1, 2013  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).