IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roderick Jerome English, ) | C/A No. 1:13-2792-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | O R D E R |
| vs. ) | |
| ) | |
| Edward Woodrow Longshore, II, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The *pro se* plaintiff, Roderick Jerome English, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 contending that the defendant, an attorney, failed to secure a physical and mental evaluation for him and that he failed to advocate for plaintiff to receive anxiety medication. Plaintiff seeks monetary damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the complaint should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Recommendation. Although the plaintiff did not file specific objections to the Report, he asks this court to transfer this case back to the Richland County Clerk of Court. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As the Magistrate Judge properly opines, an attorney, whether retained or appointed, does not act under color of state law when performing traditional functions of counsel. Thus, defendant Longshore is not a state actor amenable to suit under § 1983. Additionally, the plaintiff's claims of legal malpractice by the defendants is not actionable under § 1983.

As this court declines to exercise supplemental jurisdiction over any state law causes of action raised in the complaint, plaintiff's request for this court to transfer his case to Richland County to avoid a new filing fee is denied.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and adopts and incorporates it herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

April 1, 2014
Columbia, South Carolina

2